Filed 6/24/13  P. v. Agnew CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN CARL AGNEW,<br><br>    Defendant and Appellant. | F064537<br><br>(Super. Ct. No. CF97907057)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Edward Sarkisian, Jr., Judge.

Rachel Lederman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Julie A. Hokans, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Cornell, J. and Kane, J.

Defendant and appellant John Carl Agnew has been committed as a mentally disordered offender (MDO) since 2004. In this appeal, he contends the law permitting his continued MDO commitment is based upon an unconstitutional mandatory presumption. We reject this premise and affirm the order for a one-year extension of defendant's commitment for treatment.

## FACTS AND PROCEDURAL HISTORY

Defendant committed assault with a firearm (Pen. Code, § 245, subd. (a)(2)), for which he was imprisoned in 1997. Upon his release on parole in 2004, defendant was committed as an MDO as a condition of parole. (See Pen. Code, § 2962.) Two years later, he was discharged from the state hospital on the conditional release program. While still participating in that program, he assaulted his roommate on May 25, 2011, and was considered dangerous due to his delusional condition. His participation in the conditional release program was revoked and he was recommitted to the state hospital for treatment on June 28, 2011. Defendant's period of parole apparently expired on May 25, 2012. On November 1, 2011, the district attorney filed a petition to extend defendant's commitment for treatment for a year beyond the expiration of parole. The petition was tried to a jury in March 2012, and by verdict rendered on March 7, 2012, the jury found true the allegations of the petition. On March 19, 2012, the court entered its order on the verdict, extending defendant's commitment for one year, to May 25, 2013.

## DISCUSSION

Penal Code section 2962 requires in-patient mental health treatment of some persons as a condition of parole. Among other criteria for mandatory treatment, the parolee must have "a severe mental disorder that is not in remission or cannot be kept in remission without treatment." (*Id*., subd. (a)(1).) (Additional criteria must be satisfied before a parolee may be treated as an MDO, including a requirement that the person's mental disorder was one of the causes of or was an aggravating factor in the parolee's underlying crime. (See *id*., subd. (b); see also *id*., subd. (c).) Those additional criteria are

2.

not involved in the present appeal.) The statute states that a person's mental disorder "cannot be kept in remission without treatment" "if during the year prior to the question being before the … trial court … he or she has been physically violent, except in self-defense, or he or she has made a serious threat of substantial physical harm upon the person of another … or he or she has intentionally caused property damage, or he or she has not voluntarily followed the treatment plan." (*Id*., subd. (a)(3).)

As the end of a parolee's period of parole approaches, if that person's severe mental illness is not in remission or cannot be kept in remission without treatment, the medical director of the state hospital treating the parolee must notify the district attorney concerning the parolee's mental health. (Pen. Code, § 2970.) If, upon the petition of the district attorney, "the court or jury finds that the patient has a severe mental disorder, that the patient's severe mental disorder is not in remission or cannot be kept in remission without treatment, and that by reason of his or her severe mental disorder, the patient represents a substantial danger of physical harm to others, the court shall order the patient recommitted … [for] one year from the date of termination of parole or a previous commitment …." (*Id*., § 2972, subd. (c).) Thus, one of the conditions necessary for extension of MDO commitment beyond the date of a person's termination of parole is that the person's severe mental illness is not in remission or "cannot be kept in remission." The latter condition can be met, among other alternatives, by proof beyond a reasonable doubt (*id*., subd. (a)) that the person "has been physically violent, except in self-defense" (*id*., § 2962, subd. (a)(3)). Defendant contends this statutory definition that a mental disorder "cannot be kept in remission without treatment" establishes a mandatory conclusive presumption, in violation of his right to due process of law.

As defendant recognizes, his argument was rejected in *People v. Burroughs* (2005) 131 Cal.App.4th 1401, 1405-1406. *Burroughs* was cited with approval by this court in *People v. Hernandez* (2011) 201 Cal.App.4th 483, 489, and by other appellate districts in *People v. Nelson* (2012) 209 Cal.App.4th 698, 706, and *People v. Fisher* (2006) 136

3.

Cal.App.4th 76, 78, footnote 2, although these three cases dealt with somewhat different attacks on the statute. *Burroughs* held that the statutory conditions for determining whether a mental disorder "cannot be kept in remission without treatment" did not constitute an unconstitutional evidentiary presumption but, instead, constituted the substantive definition of the statutory phrase. "A conclusive presumption that operates as a rule of substantive law does not violate due process by lessening the burden of proof." (*People v. Burroughs, supra,* 131 Cal.App.4th at p. 1406, citing *People v. McCall* (2004) 32 Cal.4th 175, 185-186.)

Defendant relies on the dissenting opinion in *People v. Burroughs, supra,* 131 Cal.App.4th at page 1408 (dis. opn. of Yegan, J.). We have examined that opinion and do not find it persuasive. Defendant and the *Burroughs* dissent contend the statutory definition of "cannot be kept in remission" impermissibly forecloses a patient from showing that, even though he was not in remission at an earlier time, his or her disorder is in remission at the present time. That issue, however, is still available to a patient contesting an extension of an MDO commitment, in the third and separate requirement that the commitment can be extended only if "by reason of his or her severe mental disorder, the patient represents a substantial danger of physical harm to others." (Pen. Code, § 2972, subd. (c); see *People v. Burroughs, supra,* 131 Cal.App.4th at pp. 1407-1408.) That requirement of present dangerousness, and the absence of any statutory presumption that assists the district attorney in establishing that requirement beyond a reasonable doubt, fully protects a patient's due process right to commitment only upon a showing that he or she "cannot safely reenter society." (*Burroughs,* at p. 1408.)

## DISPOSITION

The March 19, 2012, order for extension of commitment is affirmed.